IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| **MARK LAWRENCE, individually, and on behalf of all others similarly situated,** | ) ) ) | Case No.: 2017-cv-600-RMG |
| **Plaintiff,** | ) ) | |
| v. | ) ) | **DEFENDANT GENERAL PANEL CORP.'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** |
| **GENERAL PANEL CORP., a division of Perma "R" Products, Inc.** | ) ) ) | |
| **Defendant.** | ) ) | |

Defendant General Panel Corp., a division of Perma "R" Products, Inc. ("General Panel") submits this Memorandum of Law in Support of Motion for Summary Judgment as to Plaintiff's claims, along with accompanying exhibits.

## STATEMENT OF THE CASE AND FACTS

The present suit is a products liability case wherein homeowner Mark Lawrence ("Plaintiff") of Mount Pleasant, South Carolina is suing General Panel of Grenada, Mississippi, for manufacturing defective roofing panels that were installed on Plaintiff's house. Amended Class Action Compl. ¶¶ 1, 2, 4, and 13. The panels are known as structural insulation panels, or SIPs. Id. at ¶ 4. Verdi Group was the contractor that installed the General Panel SIPs on Plaintiff's house. Id. at ¶ 14. The record shows definitely that installation of the SIP roofing was completed by March 20, 2007, though Verdi issued additional invoices to Plaintiff through June 2007 with several credits and charges for items that had already been used in the installation of the roof. Mark Lawrence Dep. 59:22-61:13 (attached as "Exhibit 1"); Lawrence 000184-186 (attached as "Exhibit 2"). Thereafter, Plaintiff encountered some damage to his roof that allegedly stemmed from defects in the SIPs. Amended Class Action Compl. ¶¶ 15-17.

Plaintiff filed suit against General Panel for manufacturing defects under a theory of products liability on December 8, 2016.  See Class Action Compl.  Plaintiff then filed his Amended Summons and Amended Class Action Complaint on January 25, 2017.  See Amended Summons; see also Amended Class Action Compl.  Plaintiff served his Amended Summons and Amended Class Action Complaint on General Panel on February 2, 2017.  See Affidavit of Service.  General Panel then filed its Notice of Removal to Federal Court on March 3, 2017.  See Notice of Removal of Action Under 28 U.S.C. § 1441(b), March 3, 2017, ECF No. 1.

## LEGAL STANDARD

Summary Judgment is required where the record, such as depositions, documents, or other materials, shows there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(a), (c).  Federal Rule of Civil Procedure 56(c) mandates entry of summary judgment against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

When reviewing a motion for summary judgment, a court must construe the facts in the light most favorable to the non-moving party.  United States v. Diebold, Inc., 369 U.S. 654, 655 (1962).  However, in order to survive a motion for summary judgment, the non-moving party may not rest on the allegations averred in its pleadings; rather, the party must demonstrate that specific, material facts exist that give rise to a genuine issue.  Celotex Corp., 477 U.S. at 324.  A mere scintilla of evidence in support of a plaintiff's position is insufficient to withstand a summary judgment motion.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).  On their

own, conclusory allegations or denials are insufficient to preclude a grant of summary judgment. Ross v. Communications Satellite Corp., 759 F. 2d 355, 365 (4th Cir. 1985).

## ARGUMENT

### I. Plaintiff filed after the Statute of Repose had expired and Plaintiff's action is barred as a matter of law.

The present Motion for Summary Judgment should be granted because Plaintiff's action was filed after the Statue of Repose's limitations period expired. Under South Carolina law, the Statue of Repose for civil suits against manufacturers of components used in the construction of improvements to real property begins to run at the substantial completion of such an improvement and runs for eight (8) years thereafter. S.C. Code Ann. § 15-3-640(9). Consequently, no actions to recover damages under that statute may be brought after the eight-year limitations period has expired. Id.

"Substantial completion" means the "degree of completion of a project, improvement, or a specified area or portion thereof (in accordance with the contract documents, as modified by any change orders agreed to by the parties) upon attainment of which the owner can use the same for the purpose for which it was intended . . . ." S.C. Code Ann. § 15-3-630(b). While "the date of substantial completion may be established by written agreement between the contractor and owner," Id. at § 15-3-630(b), or by a local government's issuance of a certificate of occupancy Id. at § 15-3-640, neither of those scenarios are at play in the present case.

#### A. The date of product installation was the date of substantial completion

In Ocean Winds Corp. of Johns Island v. Lane, the Court answered a certified question from the United States District Court by stating that the Statute of Repose for suits against manufacturers of products used in construction projects begins to run when installation of the product is complete, not upon completion of the project as a whole, nor when certificates of

3

occupancy are issued.  Ocean Winds Corp. of Johns Island v. Lane, 347 S.C. 416, 421–22, 556 S.E.2d 377, 380 (2001).  Ocean Winds, the owner, developer, and builder of a condominium project, brought suit against multiple defendants, including Andersen Windows, for damage that resulted from defective windows that Anderson manufactured and installed during construction of the project.  Id. at 417, 556 S.E.2d at 378.  The issue before the court was whether the limitations period began to run once the windows were installed or upon substantial completion of the building as a whole.  Id. at 418, 556 S.E.2d at 378.  The court held that the limitations period began to run when the windows were installed, not when the project was substantially completed as a whole or when certificates of occupancy were issued.  Id. at 421-22, 556 S.E.2d at 380.

Here, the Statute of Repose began to run once the SIP installation was complete. Plaintiff's testimony and Verdi Group's invoices establish that General Panel's SIPs were completely installed on Plaintiff's house no later than June 2007, though likely as early as March 2007. Verdi Group's invoice from March 2007 stated that 100% of the SIP installation had been completed; the April 2007 and June 2007 invoices included credits and billing for items used in installation of the panels.  See Exhibit 2.  In his deposition, Plaintiff was asked about the March 2007 invoice:

> Q: Is that a pretty good estimate of when the labor for the installation of SIPs was completed?
>
> A. I think so.

Exhibit 1 60:8-11.  Plaintiff was also asked about the June 2007 invoice:

> Q. So is it safe to say then that by the time you had this invoice with the credits back in June they were pretty well done?

4

      A. I would say so, yes.

Id. at 61:10-13. By Plaintiff's own admission, installation of the SIPs was completed by March 2007 at the latest.

      A certificate of occupancy was issued by Charleston County, South Carolina for Plaintiff's house on December 10, 2008. FOIA 000010 (attached as "Exhibit 3"). While Plaintiff may argue that the Statute of Repose did not begin to run until the certificate of occupancy was issued, the South Carolina Supreme Court clearly articulated in Ocean Winds that the Statute of Repose begins to run once the product is installed, not upon completion of the project as a whole or when certificates of occupancy are issued. Since the SIPs were installed by March 2007, the SIP roofing project was substantially completed by that date for the purposes of the Statute of Repose.

### B. Plaintiff failed to bring suit before the Statute of Repose expired by waiting to do so until more than eight (8) years after SIPs were installed

      Plaintiff failed to file suit within the limitations period of the Statute of Repose. The limitations period for suits against manufacturers of products used in improvements to real estate is eight (8) years after installation of the products is complete. See S.C. Code Ann. § 15-3-640(9); see also Ocean Winds, 347 S.C. at 421–22, 556 S.E.2d at 380. Here, Plaintiff filed suit in December 2016, over nine (9) years after the SIPS were installed in March 2007. Since suit was filed more than eight (8) years after commencement of the Statute of Repose's limitations period, Plaintiff's suit should be dismissed as a matter of law. Consequently, the Court should grant summary judgment in favor of General Panel.

## CONCLUSION

Because there is no genuine dispute that Plaintiff failed to bring suit within the Statute of Repose's limitations period and the suit is barred as a matter of law, the Court should grant General Panel's Motion for Summary Judgment as to Plaintiff's claims.

Respectfully submitted,

**SWEENY, WINGATE & BARROW, P.A.**

s/Everett A. Kendall
Everett A. Kendall, II Fed. I.D. No. 6762
Richard E. McLawhorn, Jr. Fed. I.D. No. 11441
Sweeny, Wingate & Barrow, P.A.
Post Office Box 12129
Columbia, SC  29211
(803) 256-2233

**ATTORNEYS FOR THE DEFENDANT**

Columbia, South Carolina

October 5, 2017