IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| MARK LAWRENCE, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GENERAL PANEL CORP., a division of PERMA "R" PRODUCTS, INC.,<br><br>Defendant. | Case No.: 2:17-cv-600-RMG<br><br><br>PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

Plaintiff Mark Lawrence ("Lawrence") submits this Memorandum in Opposition to Defendant General Panel Corp.'s ("General Panel") Motion for Summary Judgment.

## RELEVANT FACTS

This is a products liability lawsuit related to defects in pre-fabricated building product generally known as a Structural Insulated Panel ("SIP"). General Panel manufactures SIPs which are made using two sheets of oriented strand board ("OSB") with insulating foam inserted between the OSB sheets. The SIPs system is a specialized building system which is intended to be used as an alternative to traditional framing or stick built construction.

Lawrence's home located at 675 Faulkner Drive in Mount Pleasant, South Carolina was built using SIPs that were manufactured by General Panel. The SIPs that were used in Lawrence's roof have failed due to moisture intrusion. Ex. 1, Photographs of Lawrence Panels. The reason that the SIPs roofing failed at Lawrence's home is because General Panel's instructions are defective in that the instructions do not provide sufficient details on how to properly install General Panel's SIPs product.

Class related discovery is under way and has confirmed that at all times relevant to this lawsuit, General Panel has engaged in the design, production, manufacture, marketing, distribution, and sale of the SIPs product at issue in this lawsuit. Ex. 2, Verdi Corp. Dep. 52:5–53:4, Oct. 16, 2017. General Panel designed, built, and sold the SIPs that were installed on the Lawrence home. Id. One of Lawrence's experts, Dr. John Straube, has been deposed and has offered testimony in support of Lawrence's allegations that the SIPs' instructions at issue in this case are defective and that the product lacks the appropriate instructions, warnings, stamps, and labels. Ex. 3, Straube Report; Ex. 4, Straube Dep. 26:22-122:5, Sep. 26, 2017.

Both South Carolina courts and the Fourth Circuit have recognized that product instructions can be an integral part of a product and that defects to instructions can be a defect to the product itself. Lawing v. Univar, USA, Inc., 415 S.C. 209, 223, 781 S.E.2d 548, 555 (2015); Eskridge v. Pac. Cycle, Inc., 556 F. App'x 182 (4th Cir. 2014) (holding that instructions are part of product). As a result of the defective instructions, the SIPs panels were improperly installed, and Lawrence's home sustained substantial roofing damage and complete structural failure. Ex. 1. Because of the nature of the product, the damage remained hidden behind the walls of Lawrence's home. Lawrence just discovered this hidden condition when his ceiling collapsed in March of 2016. Ex. 5, Lawrence Dep. 80:17–81:11, Sep. 6, 2017.

## **LEGAL STANDARD**

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if proof of its existence or non-existence would affect the disposition of the case under the applicable law. Anderson v. Liberty Lobby Inc., 477 U.S. 242, 248-49 (1986). A genuine question of material fact exists where, after reviewing the record as a whole,

the court finds that a reasonable jury could return a verdict for the nonmoving party. Newport News Holdings Corp. v. Virtual City Vision, 650 F.3d 423, 434 (4th Cir. 2011).

In ruling on a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving party. Perini Corp. v. Perini Constr., Inc., 915 F.2d 121, 123-24 (4th Cir. 1990). The non-moving party may not oppose a motion for summary judgment with mere allegations or denial of the movant's pleading, but instead must "set forth specific facts" demonstrating a genuine issue for trial. Fed. R. Civ. P. 56(e); see also Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986); Shealy v. Winston, 929 F.2d 1009, 1012 (4th Cir. 1991). All that is required is that "sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." Anderson, 477 U.S. at 249.

## ARGUMENT

### I. Conflicting Evidence As To Substantial Completion

S.C. Code Ann. §15-3-640(9) provides that the Statute of Repose for civil suits against manufacturers of components used in the construction of improvements to real property begins to run at the time of "substantial completion of the improvement" and runs for eight years thereafter. General Panel argues that the present action was filed after the Statute of Repose's limitations period expired. Def.'s Mot. Summ. J. 3-5, ECF No. 20.

By its plain language, S.C. Code Ann. § 15-3-640 provides that the certificate of occupancy "shall constitute proof of substantial completion of the improvement under the provisions of Section 15-3-630, unless the contractor and owner, by written agreement, establish a different date of substantial completion." In this case, Charleston County issued a Certificate of Occupancy on December 10, 2008. Ex. 6, Certificate of Occupancy, Dec. 10, 2008. The owner and contractor

3

do not have a written agreement that establishes a different date of substantial completion. The Certificate of Occupancy is evidence of the date of "substantial completion," as that term is used in the statute. Lawrence filed the present action on December 8, 2016, which is less than eight years after the Certificate of Occupancy's issuance date by two days. While General Panel has presented some evidence in support of its argument that the SIPs installation achieved substantial completion in March of 2007, these arguments have not been adopted by the courts of South Carolina and raise questions of fact for the jury to resolve in light of the Certificate of Occupancy. *At best*, General Panel's Motion sets forth a legal argument based on conflicting evidence about the date of substantial completion despite the plain language of the controlling statute and the Certificate of Occupancy. Because of a genuine issue of material fact and conflicting evidence about the date of substantial completion under the applicable statute, this Court should deny General Panel's Motion.

## II. Statutory Limitation Not Available as a Defense

In this case, Lawrence has alleged that General Panel was negligent, grossly negligent, and negligent per se. Am. Compl. ¶ 39-55. The applicable statute states in part:

> The limitations … are not available as a defense to a person guilty of fraud, gross negligence, or recklessness in providing components in furnishing materials, in developing real property, in performing or furnishing the design, plans, specifications, surveying, planning, supervision, testing or observation of construction, construction of, or land surveying, in connection with such an improvement, or to a person who conceals any such cause of action… the violation of a building code of a jurisdiction or political subdivision does not constitute per se fraud, gross negligence, or recklessness, but this type of violation may be admissible as evidence of fraud, negligence, gross negligence, or recklessness.

S.C. Code Ann. §15-3-670 (2016).

Discovery is just getting started and is incomplete under the controlling Scheduling Order. Lawrence has not yet been required to disclose his experts or their opinions and will not be required

4

to do so until ninety days after this Court rules on class certification. See Scheduling Order, ECF No. 11. Nonetheless, both of the initial experts for General Panel and Lawrence seem to agree that the Lawrence residence was built in violation of the applicable building code because it is undisputed that the SIPs roof failed as a result of moisture intrusion. It appears that the parties' respective experts primarily disagree about (1) whether the subject instructions were defective, and (2) whether the defective instructions were a proximate cause of the resulting building code violations at Lawrence's home. Neither of these issues is the basis for Defendant's current motion. Nonetheless, issues of proximate cause are typically inappropriate for summary judgment and should be resolved by juries. See, e.g., Muhler Co. v. Ply Gem Holdings, Inc., 637 F. App'x 746, 748 (4th Cir. 2016) (holding that "[p]roximate cause generally is an issue of fact for the jury, to be decided as a matter of law only in 'rare or exceptional cases' where 'the evidence is susceptible to only one inference.'"); Little v. Brown & Williamson Tobacco Corp., 243 F. Supp.2d 480, 497 (D.S.C. 2000) (finding that proximate cause is a "question for the jury").

As stated by S.C. Code Ann. § 15-3-670(B), building code violations are relevant evidence of recklessness. In the light most favorable to Lawrence, there is evidence of recklessness by General Panel, and the existing scheduling order permits future testimony to further support this position. As such, this Court should deny General Panel's Motion for Summary Judgment.

### III. General Panel's "Product Express Warranty" Extends the Statute of Repose

S.C. Code Ann. § 15-3-640 states, "Nothing in this section prohibits a person from entering into a contractual agreement prior to the substantial completion of the improvement which extends any guarantee of a structure or component being free from defective or unsafe conditions beyond eight years after substantial completion of the improvement or component." Since at least 2003, General Panel has provided a "Product Express Warranty" and general warranty on its SIPs

5

products.  Ex. 7, Product Express Warranty.  Such a warranty would appear to extend the Statute of Repose under the plain language of the statute.  When faced with a similar issue, Judge Michelle Childs ruled that the warranty at issue in the case before her Court extended the Statute of Repose. See Posey v. Bldg. Materials Corp. of Am. (In re Bldg. Materials Corp. of Am. Asphalt Roofing Shingle Prods. Liab. Litig.), No. 8:11-mn-02000-JMC, 2013 U.S. Dist. LEXIS 44137 (D.S.C. Mar. 27, 2013). Under the same reasoning as applied by Judge Childs, this Court should deny General Panel's Motion for Summary Judgment.

## IV. General Panel's Motion for Summary Judgment is Premature

Lawrence has not yet had the opportunity to complete discovery in this matter.  The Scheduling Order provides that Lawrence does not have to disclose his experts until ninety days after the Court enters an order on Plaintiff's Motion for Class Certification.  See Scheduling Order, ECF No. 11.  Discovery does not end until 180 days after adjudication of Class Certification. Initial discovery responses from General Panel have created questions about the completeness and accuracy of General Panel's written discovery responses.  For example, in response to written discovery, General Panel did not provide a copy of its written warranty.  Despite General Panel's discovery responses, Lawrence has located and obtained a copy of General Panel's express, written warranty, which has been in existence since 2003.  Depositions are in progress, and Lawrence anticipates that the depositions will help fully develop the record in this case and lead to additional discovery.  That has not yet been conducted.  Because discovery is ongoing and incomplete at this time, Lawrence respectfully requests that this Court deny General Panel's Motion without prejudice to re-file after the completion of discovery.

# **CONCLUSION**

There is conflicting evidence as to when substantial completion was achieved. Further, at this stage of the lawsuit, Lawrence has only conducted limited discovery and identified an initial expert witness for purposes of supporting class action certification. Therefore, General Panel's Motion for Summary Judgment is premature and genuine issues of fact for the jury exist. As such, this Court should deny General Panel's Motion for Summary Judgment.

                                                 s/ J. Rutledge Young, III
J. Rutledge Young, III (Fed. Bar No. 7260)
Blake A. McKie (Fed. Bar No. 10887)
DUFFY & YOUNG, LLC
96 Broad Street
Charleston, South Carolina 29401
(843) 720-2044 (phone)
(843) 720-2047 (fax)
*Attorneys for Plaintiff*

October 26, 2017
Charleston, South Carolina