# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| MARK LAWRENCE, individually, and on behalf of all others similarly situated, | Case No.: 2:17-cv-600-RMG |
| Plaintiff, | |
| v. | DEFENDANT GENERAL PANEL CORP.'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT |
| GENERAL PANEL CORP., a division of Perma "R" Products, Inc. | |
| Defendant. | |

Plaintiff's Opposition to the Defendant's Motion for Summary Judgment is flawed in the following particulars:

1. There is no material dispute as to when installation of the SIPs panels was completed. This date, not the date of the Certificate of Occupancy is the controlling date for the running of the Statute of Repose.

2. Plaintiff has offered no evidence or opinion that the SIPs on Plaintiff's residence violated the applicable building code.

3. There is no evidence in the record to suggest that the blank warranty form attached to Plaintiff's brief is applicable to the Plaintiff's residence.

**STANDARD FOR REVIEW**

To survive summary judgment, a Plaintiff must do more than show "the mere existence of some alleged factual dispute between the parties." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 106 S.Ct. 2505 (1986). Pursuant to Federal Rule of Civil Procedure 56 (c), a party

"asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record . . . or, (B) showing that the materials cited do not establish the absence . . . of a genuine dispute." Further, Federal Rule of Civil Procedure 56 (e) states that the court may grant summary judgment if a party "fails to properly support an assertion of fact or fails to properly address another party's assertion of fact."

The Court in *Anderson* further spells out the standard. The Court stated that "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact."[1] Additionally, "[f]actual disputes that are irrelevant or unnecessary will not be counted." *Id*. Thus, Federal Rule of Civil Procedure 56 and *Anderson* clearly demonstrate that a Plaintiff must do more than simply assert there is some issue in dispute; he must show a genuine issue of fact, and support that fact with evidence contained in the record.

## DISCUSSION IN REPLY

**I.  THERE IS NO "CONFLICTING EVIDENCE" REGARDING THE DATE OF SUBSTANTIAL COMPLETION.**

Rather than point to evidence in actual conflict regarding the running of the Statute of Repose, Plaintiff merely provides an incomplete and inaccurate statement of the law. First, Plaintiff points to **S.C. Code Ann.** § 15-3-640, which provides that the Certificate of Occupancy does constitute "proof" of "substantial completion." But Plaintiff fails to acknowledge that the statute also *defines* "substantial completion" at § 15-3-630(b) to mean: "that degree of

---

[1] The 2007 Amendment to FRCP 56 modified the language cited in *Anderson*. However, the Advisory Committee Notes to the 2007 Amendment stated the changes were "stylistic only." Additionally, *Anderson* has continued to be cited as a seminal case for the summary judgment standard in federal courts. See Childress v. City of Charleston Police Department, 657 Fed.Appx. 160 (4th Cir. 2016); QBE Ins. Corp. v. Cobb, 639 Fed.Appx. 175 (4th Cir. 2016).

completion of a project, improvement, or a specified area or portion thereof . . . upon attainment of which the owner can use the same for the purpose for which it was intended."

The record is unimpeached that the SIPs installation was completed around March or April 2007. Since the time of the original memorandum, the deposition of Verdi Group, LLC, the SIPs installer, has been taken. The designee for the company testified:

> Q: Okay. Is it then safe to say that as of March 20th, 2007, the work by the Verdi Group to install the SIPs was completed.
>
> A: Probably. We occasionally submitted an invoice because we knew somebody had 30 days to pay and so we would occasionally submit the invoice when we still had a few more punch list items or a few more things to do out on the site but it would have been effectively almost complete if not 100 percent complete.
>
> Q: As an architect you're familiar with the term substantially complete?
>
> A: Yes.
>
> Q: Would you consider as of March 20th, 2007 the installation of SIPs was substantially complete?
>
> A: I would, looking at this, yes.
>
> Q: At that point then the next trade could come and work on the building? In other words, who's going to set the windows, they would be able to set the windows?
>
> A: Well, again, if we weren't 100 percent complete, if we were only substantially complete, we might not have been ready for another trade to come through.
>
> Q: When were you 100 percent complete?
>
> A: I'm not sure exactly but sometime within a week or two of this time --
>
> Q: No later than, say, mid-April?
>
> A: I would guess so, yes.
>
> Q: And at that point the roofer can come do the roofing work, the windows can be set, correct?
>
> A: Should be, yes.

> Q: Did you all do the Tyvek wrap on the building?
>
> A: I don't think we did, no, 'cause that would have been done by the people setting the windows.
>
> Q: And so it's now at a point where the Tyvek can be put on the building?
>
> A: Should be.

Depo. David Hill, pp 90-91 (attached at Exhibit 1). Plaintiff has provided no evidence that contradicts this testimony or that of Mr. Lawrence that the SIPs were installed no later than March/April 2007.

Plaintiff also incorrectly states that "these arguments have not been adopted by the courts of South Carolina." Memo in Opp. at p. 4. Ocean Winds Corp. of Johns Island v. Lane is an opinion of the South Carolina Supreme Court (answering a certified question from the U.S. District Court) which states that the Statute of Repose for suits against manufacturers of products used in construction projects begins to run when installation of the product is complete, not upon completion of the project as a whole, nor when certificates of occupancy are issued. Ocean Winds Corp. of Johns Island v. Lane, 347 S.C. 416, 421–22, 556 S.E.2d 377, 380 (2001).

Construing the facts in the light most favorable to the Plaintiff, substantial completion was attained no later than April 2007, more than 9 years and 7 months before this lawsuit was filed. Thus, the Statute of Repose expired.

## II. THERE IS NO EVIDENCE OF GROSS NEGLIGENCE TO CREATE AN EXCEPTION TO THE STATUTE OF REPOSE.

Plaintiff argues without evidence that the "gross negligence exception" to the Statute of Repose may be triggered. This argument is predicated on an allegation in the complaint that the SIPs manufactured by General Panel Corp. violated the building code. The lack of proof is manifest.

First, Plaintiff has not alleged nor provided any proof as to which building code is applicable. In *Kincaid*, the South Carolina Court of Appeals held that, absent proof that the building code at issue had been adopted by local ordinance, the trial court had erred in presenting it to the jury. "[L]ocal ordinances are not subject to judicial notice." Kincaid v. Landing Dev. Corp., 289 S.C. 89, 92–93, 344 S.E.2d 869, 872 (Ct. App. 1986) (citing Hill v. City of Hanahan, 281 S.C. 527, 316 S.E.2d 681 (Ct.App.1984)).

Second, Plaintiff has not identified any expert who will testify regarding violation of building codes. Moreover, the only expert he has identified explicitly stated that he will not be testifying regarding which building code applies in this case or as to any violation of building codes. *See* Depo. Straube at pp 24-25 (Exhibit B). He did testify, however, that while local building codes have provisions that govern wall and roof assemblies generally, which would include SIPs, there are no specific code provisions that speak specifically to the SIPs product as manufactured. Id.

Plaintiff's response that discovery is not concluded is not a safe harbor to avoid Summary Judgment. Plaintiff must point the court to something more than mere conjecture or the allegations of the Complaint. Despite this obligation, Plaintiff has provided nothing in opposition to create an issue of fact.

### III. THE PURPORTED "WARRANTY" FORM IS NOT EVIDENCE AND CREATES NO ISSUE OF FACT.

Without reference to anything in the record of this case, Plaintiff asserts that a document he "found" is evidence of an express warranty that extends the Statute of Repose. This argument is flawed in multiple ways.

First, Plaintiff has offered no authentication for the document. When confronted with the document during a deposition, the President of General Panel denied knowledge of the

document. *See* Depo. Time LeClair at pp. 53; 56-58; 61 (Exhibit 3). An employee of Perma "R" admitted that he drafted a similar form, but that it was never approved for use and was never issued by the company. *See* Depo. Harmon Johnson at pp. 36-37; 39-41 (Exhibit 4). On its face, the document proffered by Plaintiff shows no evidence that it was issued to Mr. Lawrence.

This document cannot be construed to create a "contract" to extend the Statute of Repose. Importantly, the panels at issue here were not sold by General Panel to Mr. Lawrence, but were allegedly sold to Verdi Building Systems, Inc., who fabricated them and provided them to Mr. Lawrence. Lawrence testified that he had no knowledge of the identity of the manufacturer of the panels on his house until recently, had not spoken to any representative of General Panel and had not relied in any way on any written or electronic information from General Panel. *See* Depo. Mark Lawrence at pp. 16-17; 71; 92; 110-112 (Exhibit 5).

Plaintiff's reliance on an unpublished opinion of Judge Childs—In re Building Materials Corp. of America Asphalt Roofing Shingle Products Liability Litigation, 2013 WL 1316562 is misplaced. First, the cited ruling was on a Motion to Dismiss for Failure to State a Claim. Judge Childs found that the Complaint has sufficiently alleged that the statute was contractually extended. Id at 4. Here, in addition to the extreme difference in standard of review, there is no such allegation in the Amended Complaint. Also, the only claim that survived on this basis was a breach of warranty claim—Plaintiff here has not pled a breach of express warranty.

**IV. THIS MOTION IS RELEVANT AND TIMELY.**

Courts, both State and Federal, have recognized the substantive importance of the Statute of Repose as an immunity, not just from liability, but also from suit. Thus, early adjudication best promotes its purpose. In Langley v. Pierce, the Court stated:

> In discussing the distinction between a statute of limitations and a statute of repose, the Fourth Circuit Court of Appeals recently held:

6

A statute of limitations is a procedural device that operates as a defense to limit the remedy available from an *404 existing cause of action. Goad v. Celotex Corp., 831 F.2d 508, 511 (4th Cir.1987), cert. denied, 487 U.S. 1218, 108 S.Ct. 2871, 101 L.Ed.2d 906 (1988). A statute of repose creates a substantive right in those protected to be free from liability after a legislatively-determined period of time. Id.

First United Methodist Church v. U.S. Gypsum Co., 882 F.2d 862, 865–866 (4th Cir.1989), cert. denied, 493 U.S. 1070, 110 S.Ct. 1113, 107 L.Ed.2d 1020 (1990). The Court held, further, that "a statute of repose is typically an absolute time limit beyond which liability no longer exists and is not tolled for any reason because to do so would upset the economic balance struck by the legislative body." Id. (citing Knox v. AC & S, Inc., 690 F.Supp. 752, 759 [S.D. Ind. (1988)].

Similarly, in Kissel v. Rosenbaum, 579 N.E.2d 1322 (Ind.App. 1st Dist.1991), involving a 10–year outside limitation in which to bring suit for defects in construction, the Court discussed the rationale for statutes of repose:

> A statute of repose constitutes a substantive definition of rights rather than a procedural limitation provided by a statute of limitation. See Bolick v. American Barmag Corp., 306 N.C. 364, 293 S.E.2d 415 (1982).
> . . . . .
> Statutes of repose are based upon considerations of the economic best interests of the public as a whole and are substantive grants of immunity based upon a legislative balance of the respective rights of potential plaintiffs and defendants struck by determining a time limit beyond which liability no longer exists.
> . . . . .
> Society benefits when claims and causes are laid to rest after having been viable for reasonable time. When causes of action are extinguished after such time, society generally may continue its business and personal relationships in peace, without worry that some cause of action may arise to haunt it because of some long-forgotten act or omission. This is not only for the convenience of society but also due to necessity. At that point, society is secure and stable.
> 579 N.E.2d at 1326–1328.

313 S.C. 401, 403–05, 438 S.E.2d 242, 243–44 (1993)

This issue is timely, even at the stage of class certification discovery. Among the elements of proof required to meet the elements of Rule 23 are commonality, typicality and adequacy of representation. Plaintiff has alleged a class of homeowners that could span of range of years from the inception of General Panel Corp to the present, potentially 15 years. In the class allegations, Plaintiff has alleged building code violations in support of commonality (see Amended Complaint at Para. 27 c and g). Thus, Plaintiff must provide evidence of the application and violation of a Building Code that is common to all putative class members. However, Plaintiff has provided none. If Plaintiff is to establish that his claim is typical and that he can adequately represent all claimants, then he must show evidence that his claim is not barred by the Statute of Repose. Without some evidence of a building code violation, Plaintiff cannot meet the requisites to certify a class.

## CONCLUSION

Nothing presented by the Plaintiff in Opposition to the Motion for Summary Judgment presents a genuine issue of material fact regarding the application of the Statute of Repose. Because Mr. Lawrence filed suit more than 9 ½ years after substantial completion, his claims against General Panel are barred and Summary Judgment should be granted.

Respectfully submitted,

**SWEENY, WINGATE & BARROW, P.A.**

s/Everett A. Kendall, II
Everett A. Kendall, II Fed. I.D. No. 6762
Richard E. McLawhorn, Jr. Fed. I.D. No. 11441
Sweeny, Wingate & Barrow, P.A.
Post Office Box 12129
Columbia, SC  29211
(803) 256-2233

**ATTORNEYS FOR DEFENDANT**

Columbia, South Carolina

November 2, 2017