IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Mark Lawrence, *individually and on behalf of others similarly situated*, | Civil Action No. 2:17-600-RMG |
| Plaintiff, | |
| v. | **ORDER AND OPINION** |
| General Panel Corp., *a division of Perma "R" Products, Inc.*, | |
| Defendant. | |

This matter is before the Court on Defendant's motion for summary judgment. For the reasons set forth below, the Court certifies the following question to the South Carolina Supreme Court:

1. Did 2005 South Carolina Laws Act 27 (H.B. 3008) amend South Carolina Code § 15-3-640 so that, in an action for damages based upon a defective improvement to new-construction real property, the date of "substantial completion of the improvement" is measured from the date of the certificate of occupancy (unless the parties establish a different date by written agreement), superseding the South Carolina Supreme Court's decision in *Ocean Winds Corp. of Johns Island v. Lane*, 556 S.E.2d 377 (2001)?

I. **Background**

This is a products liability action. Defendant General Panel manufactures Structural Insulated Panels ("SIPs"), which are made using two sheets of oriented strand board with insulating foam inserted between the sheets. SIPs are an alternative to traditional framing. Plaintiff's home, located at 675 Faulkner Drive in Mount Pleasant, South Carolina, was built using

-1-

SIPs manufactured by Defendant. Plaintiff alleges the SIPs have failed due to moisture intrusion because Defendant provided defective installation instructions.

It is undisputed that the SIPs were installed by March 2007. It is also undisputed that the certificate of occupancy was issued on December 10, 2008. Plaintiff filed the present action on December 8, 2016, more than eight years after the SIPs were installed, but less than eight years after the certificate of occupancy was issued.

## II.  **Legal Standard**

South Carolina Appellate Court Rule 244 provides that the South Carolina Supreme Court

> in its discretion may answer questions of law certified to it by any federal court of the United States . . . when requested by the certifying court if there are involved in any proceeding before that court questions of law of this state which may be determinative of the cause then pending in the certifying court when it appears to the certifying court there is no controlling precedent in the decisions of the Supreme Court.

SCACR 244(a). The certification order must set forth: (1) "the questions of law to be answered"; (2) "all findings of fact relevant to the questions certified"; and (3) "a statement showing fully the nature of the controversy in which the questions arose." SCACR 244(b).

## III.  **Discussion**

Defendant has moved for summary judgment, arguing this action is barred by the applicable statute of repose. South Carolina Code § 15-3-640 provides that damages actions against manufacturers of components used in the construction of real property must be filed within eight years of the "substantial completion of the improvement." Section 15-3-630 defines "substantial completion" as "that degree of completion of a project, improvement, or a specified area or portion thereof (in accordance with the contract documents, as modified by any change orders agreed to by the parties) upon attainment of which the owner can use the same for the

purpose for which it was intended; the date of substantial completion may be established by written agreement between the contractor and owner."

Defendant argues that under the statutory definition, the date of "substantial completion" is the date of the product installation, relying on the South Carolina Supreme Court's decision in *Ocean Winds Corp. of Johns Island v. Lane*, 556 S.E.2d 377 (2001). In *Ocean Winds*, the plaintiffs sued Andersen Windows, among other defendants, for damage resulting from defective windows that Anderson manufactured and installed during construction of a condominium project. *Id.* at 378. The issue before the South Carolina Supreme Court was whether the statute of repose codified at South Carolina Code § 15-3-640 began to run when the windows were installed or when the building as a whole was substantially completed. The court held that the statute of repose began to run when the windows were installed, not when the building was substantially completed as a whole or when certificates of occupancy were issued. *Id.* at 380.

*Ocean Winds* was decided in 2001. In 2005, the South Carolina General Assembly amended South Carolina Code § 15-3-640, reducing the limitations period from thirteen years to eight years and adding the following language:

> For any improvement to real property, a certificate of occupancy issued by a county or municipality, in the case of new construction or completion of a final inspection by the responsible building official in the case of improvements to existing improvements, shall constitute proof of substantial completion of the improvement under the provisions of Section 15-3-630, unless the contractor and owner, by written agreement, establish a different date of substantial completion.

2005 S.C. Laws Act 27 (H.B. 3008) § 2. The amended statute "applies to any applies to improvements to real property for which certificates of occupancy are issued by a county or municipality or completion of a final inspection by the responsible local building official after the effective date" of July 1, 2005. *Id.* § 16(2). Plaintiff argues that the plain language of South

Carolina Code § 15-3-640, as amended, provides that the certificate of occupancy provides the date of substantial completion, unless the parties agree to a different date of substantial completion.

The viability of Plaintiff's claims for simple negligence, strict liability, and breach of implied warranty of fitness turns on whether *Ocean Winds* remains the controlling interpretation of South Carolina Code § 15-3-640. If *Ocean Winds* is still good law, Plaintiff's claims are barred unless he can prove gross negligence or recklessness.[1] If Ocean Winds has been superseded by statute, the statute of repose does not bar any of Plaintiff's claims. Whether a decision of the South Carolina Supreme Court has been abrogated by an enactment of the South Carolina General Assembly is a question best addressed to the South Carolina Supreme Court. The Court therefore certifies to the South Carolina Supreme Court the question, "Did 2005 South Carolina Laws Act 27 (H.B. 3008) amend South Carolina Code § 15-3-640 so that, in an action for damages based upon a defective improvement to new-construction real property, the date of 'substantial completion of the improvement' is measured from the date of the certificate of occupancy (unless the parties establish a different date by written agreement), superseding the South Carolina Supreme Court's decision in *Ocean Winds Corp. of Johns Island v. Lane*, 556 S.E.2d 377 (2001)."

**IV.** **Conclusion**

For the foregoing reasons, the Court **CERTIFIES** the foregoing question to the South Carolina Supreme Court.

---

[1] Plaintiff additionally argues Defendant provides an express warranty for the panels that extends the statute of repose. That argument is without merit. The warranty Plaintiff cites only guarantees that the panels will "not delaminate or fail structurally during the customer's lifetime." (Dkt. No. 25-7.) Plaintiffs argue the panels were defective because their instructions were defective, not because they structurally failed or delaminated. Moreover, Plaintiff does not plead a breach of express warranty claim.

**AND IT IS SO ORDERED.**

                                                                    Richard Mark Gergel
                                                                    United States District Court Judge

November 14, 2017
Charleston, South Carolina